UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 SEP -5 PM 3: 58
U.S. DISTRICT COURT
N.D. OF ALABAMA

MEIOSA JACOBS-ALLENDER,           )
JOSEPH ALLENDER, and              )
VENIX JEFFERS, et al.,            )
                                  )
    Plaintiffs,                   )
                                  )   Civil Action No.: CV-01-S-1300-S
vs.                               )
                                  )
WELLS FARGO HOME MORTGAGE, INC.   )
f/d/b/a CROSSLAND MORTGAGE        )   ENTERED
CORPORATION; CROSSLAND            )
MORTGAGE CORPORATION;             )   SEP  5 2001
                                  )
    Defendants.                   )

## MEMORANDUM OPINION

This action is before the court on defendants' motion to transfer venue to the United States District Court for the District of Maryland (doc. no. 12), and, plaintiffs' response opposing the transfer (doc. no. 17). Upon consideration of the pleadings and the arguments of counsel, this court finds that defendants' motion is due to be granted.

This action was originally filed in the Circuit Court of Jefferson County, Alabama, and was removed by defendants based on federal question and supplemental jurisdiction. Defendants contend that the action should be transferred to the District of Maryland because the parties, witnesses, and necessary documents are located in or around that district, and because this action has no connection to the Northern District of Alabama. Plaintiffs assert that defendants have failed to demonstrate that the case should be transferred.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where



it might have been brought." A district court must first determine whether the action could have been brought in the proposed transferee forum. 28 U.S.C. § 1404(a); *see also Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503-04 (M.D. Ala. 1994). Under 28 U.S.C. § 1391(b)(2), venue would be proper in the District of Maryland if it is where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Generally, however, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Here, other considerations counsel in favor of transfer.

According to plaintiffs' complaint, they are all residents of Maryland, and own property in Maryland that was purchased, at least in part, with a mortgage funded by defendants. Plaintiffs seek class certification. They allege that

> [d]efendant has originated, funded and been party to thousands of loan transactions throughout the United States where improper fees were charged, collected and exchanged. Plaintiffs allege upon information and belief in excess of one thousand mortgagors incurred improper charges and suffered damage by Defendant in the manner complained of herein. Upon information and belief, *in excess of one hundred of these transactions occurred in the state of Alabama alone during the class period.*

(Complaint ¶ 42 (emphasis supplied).) As far as the court can see, the emphasized portion of the foregoing allegations constitutes plaintiffs' only connection to this State or district.

At the time of the transactions at issue, defendant Crossland Mortgage Corporation ("Crossland") was a Utah corporation with its principal place of business in Utah. Crossland did not conduct business, or otherwise have a presence, in Alabama. Wells Fargo Home Mortgage, Inc. ("Wells Fargo") merged with Crossland in 2001. Wells Fargo is a California corporation with its

principal place of business in Des Moines, Iowa. According to its motion to transfer and supporting affidavit, Wells Fargo has a small presence in Alabama, consisting of nine retail sales offices and 41 employees. By contrast, Wells Fargo has 935 employees in Maryland, including 700 employed in its loan servicing center. Additionally, Wells Fargo has 23 retail sales offices in Maryland. It also appears that, at least with respect to the named plaintiffs, the loan transactions occurred in Maryland. Plaintiffs have retained counsel both in Birmingham, Alabama, and in Baltimore, Maryland.

At the outset, the court observes that it seems clear that this action could have been brought in the District of Maryland. The plaintiffs are Maryland residents, applied for and obtained mortgages there, and own property in that State as a result of the consummation of such loan transactions.

Where, as here, plaintiffs are not residents of the forum in which they have chosen to file suit, and where their choice of forum has such a negligible connection with the gravamen of their claims, such choice is entitled to less weight. *See, e.g., Trout Unlimited v. United States Department of Agriculture,* 944 F. Supp. 13, 16 (D.D.C. 1996). Although plaintiffs contend that Wells Fargo has significant loan activities in Alabama, those activities have no relation to the named plaintiffs. Indeed, this court can see no connection with this forum, except for the location of plaintiffs' counsel,[1] and plaintiffs' bare assertion that some of the mortgage customers who are putative class members are Alabama residents — a connection that is, at this point, tenuous at best. Moreover,

---

[1] As noted *supra,* plaintiffs have retained counsel both in Birmingham, Alabama, and in Baltimore, Maryland. At oral argument, plaintiffs' Birmingham, Alabama counsel contended that venue should remain in the Northern District of Alabama, due to this district's, and the Eleventh Circuit's, experience in confronting the issues presented by this action. Specifically, plaintiffs' counsel pointed to *Culpepper v. Irwin Mortgage Corp.,* 253 F.3d 1324 (11th Cir. 2001), which addressed the circumstances in which "yield spread premiums" were considered prohibited referral fees under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2607. "Yield spread premiums" are also at issue in this action.

transfer of this case would not merely shift the inconvenience to plaintiffs,[2] as they are residents of Maryland, the district to which transfer is sought.[3]

Plaintiffs assert that defendants have not satisfied their burden of demonstrating that this action should be transferred for the convenience of the witnesses. Plaintiffs correctly observe that defendants have failed to identify the witnesses and their location. However, the convenience of the witnesses "does not stand alone and must be weighed against other factors." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3851, at 420 (2d ed. 1986). Although Wells Fargo has not, strictly speaking, satisfied its burden in this respect, the other considerations present in this case are more weighty.

For all of the foregoing reasons, this court concludes that defendants' motion to transfer should be granted. An appropriate order will be entered contemporaneously herewith.

DONE this 5th day of September, 2001.

_____
United States District Judge

---

[2] While the putative class may include Alabama residents, the fact remains that the named representatives, should class certification be granted, are Maryland residents.

[3] At oral argument, defendants' counsel presented the *U.S. District Court — Judicial Caseload Profile* for the District of Maryland and for the Northern District of Alabama. According to those statistics, in 2000, the Northern District of Alabama had more total filings per judge (581 versus 451), more weighted filings per judge (587 versus 449), and a longer median time from filing to trial (22 months versus 19 months). While transfer should not be granted merely "to reduce by that much the congestion of the local docket," the possibility that the litigants may obtain a speedier disposition is another factor to be weighed. 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3854, at 457 (2d ed. 1986).